UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMY LEE CROW JR,

          Petitioner,

   v.

RON HAYES,

          Respondent.

CASE NO. 3:16-CV-05277-RJB-JRC

ORDER TO FILE AN AMENDED PETITION

This case has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

On April 11, 2016, petitioner Tommy Lee Crow Jr. filed a 28 U.S.C. § 2254 petition, in which he seeks to challenge his 2009 convictions for second degree murder and second degree arson. Dkt. 1. Because petitioner fails to identify the grounds for relief he is raising in his habeas petition, petitioner is ordered to file an amended petition on or before May 20, 2016, specifically outlining his grounds for relief.

ORDER TO FILE AN AMENDED PETITION - 1

## DISCUSSION

A habeas corpus petition must "specify all the grounds for relief available to the petitioner." Rule 2(c)(1), 28 U.S.C. foll. § 2254. The petition must also "state the facts supporting each ground." Rule 2(c)(2), 28 U.S.C. foll. § 2254.

Here, the petition does not identify specific grounds for relief and instead, the petition states "GROUND ONE: See explanation below … Petitioner's Grounds 1-5 were exhausted through the Washington State Supreme Court, No 39075-2-II (COA No 85369-0 (Wash.S.Ct)[.] Petitioner's Grounds 6-9 were exhausted through the Washington State Supreme Court, No 42926-8-II (COA) No 91837-6 (Wash.S.Ct.)[.] Final dispositions: March 2, 2011, and January 8, 2016, respectively." Petitioner does not attach to the petition any exhibits or further documentation.

The Court finds that respondent cannot reasonably be required to prepare an answer to the petition because it does not specifically identify the actual grounds for relief now pursued by petitioner in federal court. The petition refers to grounds raised in prior proceedings in state court, but the petition does not contain a concise statement of each ground that petitioner is now pursuing in federal court. Simply referring to claims raised in a prior state court proceeding does not comply with Rule 2(c). The petition does not give respondent fair notice of the actual claims that petitioner wishes to pursue in this action. In addition, the petition does not properly narrow the focus of the parties' briefing, claims may be missed or claims may be addressed when they are no longer being pursued.

## CONCLUSION

Accordingly, petitioner is ordered to file an amended petition, specifically identifying a concise statement of the grounds raised in his petition by **May 20, 2016**. Failure to file an

ORDER TO FILE AN AMENDED PETITION - 2

1  amended petition shall be deemed a failure to properly prosecute this matter and the Court will
2  recommend dismissal of this matter.
3      Dated this 18th day of April, 2016.

```
                                        /s/ J. Richard Creatura
                                        _____
                                        J. Richard Creatura
                                        United States Magistrate Judge
```