UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMY LEE CROW JR.,

           Petitioner,

v.

RON HAYES, et al.,

           Respondent.

CASE NO. C16-5277 RJB-JRC

ORDER TO SHOW CAUSE

This case has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

Petitioner Tommy Lee Crow filed a proposed §2254 habeas petition and an amended §2254 habeas petition. Dkts. 1, 10, respectively.  On June 27, 2016, petitioner filed a motion to stay and abey the amended petition for Writ of Habeas Corpus. Dkt. 11.  In his motion to stay and abey, petitioner asks the Court to stay his amended petition "until after his new appeal [in state court] is over." *Id*. at 1.  Petitioner further states he was resentenced on April 21, 2016 in Thurston County in case No. 08-1-00585-6. *Id*.  He further states he served an appeal on that new sentence the same day.  *Id*. Because his habeas petition was filed before his state court appeal, he requests the Court to stay his petition. *Id.*

ORDER TO SHOW CAUSE - 1

1    The Court has reviewed petitioner's amended petition. Petitioner is currently pursuing
2 his state court remedies. Petitioner filed an appeal of his new sentence on April 21, 2016. Dkt.
3 11 at 4.

4    Ordinarily, a petitioner's right to petition federal court for habeas corpus does not ripen
5 until he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1) states, in pertinent part:
6 "(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to
7 the judgment of a state court shall not be granted unless it appears that: (A) the applicant has
8 exhausted the remedies available in the courts of the state; or (B)(i) there is an absence of
9 available state corrective process; or (ii) circumstances exist that render such process ineffective
10 to protect the rights of the applicant." To exhaust state remedies, petitioner's claims must have
11 been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 275 (1971);
12 *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim
13 to the state Supreme Court even though the state court did not reach the argument on the merits).

14    Based on the information supplied to the Court, plaintiff is ordered to show cause why his
15 petition should not be dismissed without prejudice to allow him to finish pursuing state court
16 remedies. Plaintiff must respond to this order to show cause on or before September 9, 2016.

17    Petitioner's motion for appointment of counsel (Dkt. 14) will be addressed by separate
18 order.

19    The Clerk is directed to re-note petitioner's motion to stay and abey (Dkt. 11) for
20 September 9, 2016, to allow for petitioner to respond to this show cause order.

21    Dated this 8th day of August, 2016.

J. Richard Creatura
United States Magistrate Judge