UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMMY LEE CROW,<br><br>                Petitioner,<br><br>  v.<br><br>RON HAYNES,<br><br>                Respondent. | CASE NO. 16-5277 RJB<br><br>ORDER ON PETITIONER'S OBJECTION TO REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Petitioner's Objections to the Report and Recommendation. Dkt. 71. The Court has considered the pleadings filed regarding the motion and the remaining file.

On August 20, 2020, a Report and Recommendation was filed in this case recommending that no evidentiary hearing be held, the Petitioner's grounds for relief be denied, and the petition be dismissed. Dkt. 68. It also recommended that a certificate of appealability issue. *Id.* The Report and Recommendation was noted for consideration on September 4, 2020. *Id.* On September 8, 2020, the Report and Recommendation was adopted and judgment was entered.

1  Dkt. 69 and 70.  On September 9, 2020, Petitioner's objections were docketed; they were filed on
2  September 4, 2020.  Dkt. 71.  The Court should consider the Petitioner's objections and
3  determine if the decision to adopt the Report and Recommendation should be affirmed.

4  The Petitioner's objections do not provide grounds to reject the Report and
5  Recommendation.  The order adopting the Report and Recommendation (Dkt. 69) should be
6  affirmed.

7  The Petitioner asserts that an evidentiary hearing is required because no reasonable jurist
8  could find the state court's findings reasonable.  Dkt. 71.  He contends that his post-conviction
9  hearing, which was ordered by the court of appeals, should have been held in the court of appeals
10 and not the superior court because the of superior court's bias for the prosecutor.  *Id.*  Petitioner's
11 objection is without merit.  Aside from his own speculation, he offers no basis from which to
12 conclude that the state superior court was biased.

13 Under the heading "Admission of Assault," the Petitioner argues that the Report and
14 Recommendation failed "to address whether the trial court erred in finding [by] a preponderance
15 of evidence that [he] actually assaulted Cover" and that the record indicates he was not involved.
16 Dkt. 71.  He maintains that "no reasonable jurist[] could establish that there was enough
17 evidence to meet the first prong of 404(b)" or that he was not substantially prejudiced.  *Id.*
18 Contrary to the Plaintiff's assertions, the Report and Recommendation properly addresses the
19 trial court's decision to admit evidence of the prior assault on Cover.  Further, the Petitioner
20 offers no support for his contentions – just his own suppositions.

21 The Petitioner argues that the Report and Recommendation failed to address the
22 prosecutor's failure to disclose exculpatory evidence.  Dkt. 71. The Report and Recommendation

did discuss Plaintiff's contention that that the prosecutor failed to disclose the letters and concluded that his claim "lacks merit." Dkt. 68, at 22-25.

The Petitioner repeats assertions from his reply related to the Christopher Durga's testimony and his ineffective assistance of counsel claims. Dkt. 71. Each are addressed in the Report and Recommendation and his arguments offer no grounds to reject the Report and Recommendation.

After considering the Petitioner's objections, the decision to adopt the Report and Recommendation was proper. The decision to adopt the Report and Recommendation should be affirmed.

It is **ORDERED** that:

- The Order Adopting the Report and Recommendation (Dkt. 69) **IS AFFIRMED**; and
- The case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of September, 2020.

ROBERT J. BRYAN
United States District Judge